## In re McCORD.

(Circuit Court of Appeals, Second Circuit. November 9, 1909.)

### No. 21.

BANKRUPTCY (§ 186*)—ASSETS—LIENS.

Decedent, the bankrupt's father, subscribed for certain corporate stock, and, having died before payment, the bankrupt advanced $3,600 out of his own funds to complete the payment and charged the amount to his father's estate, and took the stock certificate in his own name. Thereafter the bankrupt borrowed $1,200 on the stock as collateral from A., having previously assigned all his claim against his father's estate to a bank. *Held*, that if, at the date of the assignment to the bank, decedent's estate was indebted to the bankrupt to the amount of $2,400 as found, the bank could recover that amount from the estate, and the referee's order compelling the bank to pay the same sum to the trustee in bankruptcy in order to obtain the stock in the hands of A. was erroneous, but, if there was no indebtedness of decedent's estate to the bankrupt, then the estate was entitled to the certificate on payment of the indebtedness to A; the bank being entitled to assert against decedent's estate whatever rights it acquired by the assignment.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 186.*]

Petition for Revision of Proceedings of the District Court of the United States for the Southern District of New York.

In the matter of William M. McCord, bankrupt. Petition to review an order confirming the report of a referee finding that certain corporate stock standing in the bankrupt's name was the property of the estate of the bankrupt's father, subject to a lien in favor of the bankrupt. Reversed.

See, also, 174 Fed. 72.

Almet Reed Latson (W. W. Pickard, of counsel), for petitioner.

Garvin & Armstrong (J. S. Keith, of counsel), for respondent.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. This is a petition to revise an order of the District Court confirming the report of a referee finding that 30 shares of corporate stock standing in the name of William M. McCord, the bankrupt, and now in possession of one Armstrong as collateral for a loan of $1,200, are the property of the estate of Henry D. McCord, subject to Armstrong's lien and to a lien of $2,400 in favor of the bankrupt.

The referee found that Henry D. McCord, the bankrupt's father, subscribed for the stock in question, but died before paying his subscription in full; that April 27, 1903, the bankrupt, William M. McCord, who was his father's executor, advanced $3,600 out of his own funds to complete the payment, charged the same to his father's estate and took out the certificate of the stock in his own name; that November 12, 1907, William M. McCord borrowed $1,200 on the stock as collateral from Armstrong. He also found, and we agree with him, that William M. McCord took the certificate in his own name for the purpose of preserving a lien upon it for the amount of his advances

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to his father's estate and that if the transaction were voidable because he was individually dealing with himself as executor no steps have been taken to avoid it, and it appears to have been ratified by the estate.

But we think the referee did not give sufficient consideration to two assignments in evidence, viz., March 26, 1907, William M. McCord individually, and March 28, 1907, William M. McCord, trading as Henry D. McCord & Sons, of all his claim against his father's estate, to the Mechanics' National Bank without specifying the particulars or amount of same, though the bankrupt testified that it was about $44,000.

Counsel for the bank produced these assignments before the referee, but declined to let the bank become a party to the proceedings. The record does not show on whose behalf they were offered in evidence.

All the referee says on the subject is:

"Whether the Mechanics' National Bank has any claim upon the stock cannot be decided in this proceeding for the reason that the Mechanics' National Bank was not a party to this motion and its counsel on the hearing declined to become such."

This is quite true, but, if at the date of these assignments the estate of Henry D. McCord was indebted to William M. McCord to the extent of $2,400, then by virtue of the assignments the bank can recover this amount from the estate and the order compelling it to pay the same sum to the trustee in bankruptcy to get its own property exposes it to a double payment. On the other hand, if there were then no indebtedness of the estate of Henry D. McCord to William M. McCord, it was entitled to the certificate on payment of $1,200 only, viz., the loan of Armstrong, in whose possession the certificate was. The bank may assert against the estate of Henry D. McCord whatever rights it has acquired by assignment from William M. McCord.

The order is reversed.